**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:06-CV-629-C**

**CHARLES L. VALENTINE**                                                        **PETITIONER**

**v.**

**COMMONWEALTH OF KENTUCKY**
                                                                                              **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner, Charles L. Valentine, *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that his trial counsel provided ineffective assistance. The petitioner is serving a seven-year sentence on a conviction for second-degree rape on a guilty plea entered November 7, 2006 in the Hardin Circuit Court. According to the petition, it does not appear that the petitioner has pursued a direct appeal or any other relief in state court before filing this federal petition.

**I.**

Because the petitioner has failed to exhaust his available state remedies, this federal habeas petition is premature and must, therefore, be dismissed without prejudice. *See* § 2254(b)(1)(A); *Picard v. Conner*, 404 U.S. 270, 275 (1971); *Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Hannah v. Conley,* 49 F.3d 1193 (6th Cir. 1995). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair

opportunity to rule on the petitioner's claims." *Silverberg v. Evitts*, 993 F.2d 124 (6th Cir. 1993).

Although the time may have expired for a filing a notice of appeal, *see* Kentucky Rule of Criminal Procedure 12.04, the Kentucky Court of Appeals may in some cases allow motions to file a belated appeal, *see Jones v. Commonwealth*, 714 S.W.2d 490, 491 (Ky. Ct. App. 1986). In addition, a Kentucky prisoner may move to vacate, set aside or correct a sentence within three years after a judgment becomes final under Rule 11.42 of the Kentucky Rules of Criminal Procedure. *See Silverburg,* 993 F.2d at 126; *see also Hannah v. Conley,* 49 F.3d 1193 (6th Cir. 1995). Thus, state remedies are available to the petitioner on his claim of ineffective assistance of counsel. Because the petitioner has not satisfactorily demonstrated exhaustion of his state remedies, the court will deny the petition and dismiss without prejudice, by separate order.

II.

In addition the court will deny a certificate of appeal, pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v McDaniel*, 529 U.S. 473, 485 (2000) (stating an appeal is warranted if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). The court concludes no jurists of reason would find debatable that the petitioner fails to allege exhaustion of the available state remedies.

Signed on  January 20, 2007

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**